IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Maurice Johnson, | ) | C/A No.: 3:16-480-MBS-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| William Corbet; Tyrell Cato; Chris DeLong; James Butler; Donny Anthony; and John Durant, | ) | |
| Defendants. | ) | |

Robert Maurice Johnson ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee currently incarcerated in the Kershaw County Detention Center. Plaintiff filed this action against Judge William Corbet, Lieutenant Tyrell Cato, Officer Chris DeLong, Corporal James Butler, Lieutenant Donny Anthony, and Lieutenant John Durant (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff alleges Defendants made false statements in their affidavits filed in his other pending lawsuit, C/A No. 3:15-2708-MBS-SVH (*Johnson I*). [ECF No. 1 at 3]. Plaintiff seeks monetary damages. *Id.* at 4.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

2

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B. Analysis

Plaintiff alleges Defendants' affidavits filed in *Johnson I* contain false information, and he seeks monetary damages. Defendants, however, are absolutely immune from any claims related to this testimony. *See Brice v. Nkaru*, 220 F.3d 233, 239 n.6 (4th Cir. 2000), citing *Briscoe v. LaHue*, 460 U.S. 325, 331, 335 (1983) (finding witnesses in federal court are absolutely immune from civil liability for testimony given in a judicial proceeding).[1] "A witness is entitled to testimonial immunity 'no matter how egregious or perjurious that testimony was alleged to have been.'" *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (quoting *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (3rd Cir. 1999)). Moreover, "[t]he mere fact that plaintiffs may allege a conspiracy to render false testimony, as opposed to simply alleging that one person testified falsely at trial, does not waive absolute testimonial immunity." *Id.* Accordingly, Plaintiff's complaint should be summarily dismissed.

### III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

---

[1] The policy considerations underlying witness immunity for testimony in open court apply with equal force to testimony given through depositions and affidavits. *Giffin v. Summerlin*, 78 F.3d 1227, 1231 (7th Cir. 1996) (collecting cases holding that affidavits constitute testimony).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 24, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).